EDWARD T. FRANKLIN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 26969.   Promulgated August 27, 1931.

*Henry W. Wales, Esq.*, for the petitioner.
*W. F. Wattles, Esq.*, for the respondent.

OPINION.

TRAMMELL: The petitioner did not file a brief and his position with respect to the different issues is determinable only from the petition as amended.

In the petition as amended it is alleged that the provisions of section 280 (a) (1) of the Revenue Act of 1926 are unconstitutional and void (1) in that they deny to the petitioner the due process of law guaranteed by the Fifth Amendment to the Constitution and (2) in that they violate section 1 of Article III of the Constitution, which provides for the vesting of the judicial power of the United States in the courts. The questions raised by these allegations were

disposed of adversely to the petitioner's contention by the Supreme Court in *Phillips* v. *Commissioner of Internal Revenue*, 283 U. S. 589.

With respect to the question as to whether collection of the deficiencies from the Franklin Tandy Coal Company was barred by limitations on February 25, 1927, when the respondent notified the petitioner that he proposed to assess the deficiencies against him, the facts show that the company's returns for 1919 and 1920 were filed on March 14, 1920, and March 14, 1921, respectively. The statutory five-year periods for assessment for these years expired on March 14, 1925, and March 14, 1926, respectively. However, prior to March 14, 1925, the company filed a waiver extending the period for assessing 1919 taxes for one year from the expiration of the statutory period, or until March 14, 1926. The respondent therefore had until March 14, 1926, within which to make assessment of taxes against the company for 1919 and 1920. However, prior to this date and on February 18, 1926, the respondent assessed the deficiencies here involved. He then had six years from that date in which to make collection from the company. (Section 278 (d) of the Revenue Acts of 1924 and 1926.) Clearly collection of the deficiencies from the company was not barred by limitations on February 25, 1927, when the respondent notified the petitioner of his proposal to assess the deficiencies against him.

But the period of limitations for assessment of the deficiencies of the company against the petitioner is not coextensive with that for collection from the company. Section 280 (b) (1) of the Revenue Act of 1926 limits the period to " within one year after the expiration of the period of limitations for assessment against the taxpayer," which in this case was the company. The respondent therefore had until March 14, 1927, within which to assess the deficiences against the petitioner. Having on February 25, 1927, notified the petitioner that he proposed to assess the deficiencies against him, the respondent acted within the time provided by the law. The period of limitations upon the assessment of the liability of the petitioner as transferee having been suspended until the expiration of 60 days after our decision becomes final, the assessment of the deficiencies against the petitioner is not barred by limitations. See section 280 (d) of the Revenue Act of 1926.

The remaining question is whether the petitioner is liable as transferee for the payment of the deficiencies. The petitioner admits that the company distributed its assets in liquidation to him as its sole stockholder and as a result of such distribution became and thereafter remained wholly insolvent and without property of any kind or character. He also admits that in such distribution he re-

ceived money or property of a sum or value in excess of the deficiencies here involved, together with interest allowed by law. In view of the foregoing we think the petitioner is liable under section 280 of the Revenue Act of 1926 as transferee of the assets of the Franklin Tandy Coal Company for the payment of the deficiencies.

*Judgment will be entered for the respondent.*